THE ASHER W. PARKER.

CURTIN v. THE ASHER W. PARKER.

(Circuit Court of Appeals, Second Circuit.    January 7, 1898.)

No. 4.

1. MARITIME LIENS—WAIVER—LACHES.
     A furnisher of supplies, who, for about a year and a half after the vessel has been sold, takes no steps to enforce his lien or ascertain her ownership, and then, on learning of the sale, waits about six months longer before filing his libel, though the vessel was continuously within the jurisdiction, thereby loses his lien; the purchaser having in the meantime paid the deferred purchase money notes, in ignorance of the existence of the claim.

2. SAME—STATE STATUTES—DEFENSES.
     A lien for supplies given by state statute, when enforced in a court of admiralty, is subject to all defenses recognized by such courts as meritorious, including that of laches.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel in rem by John Curtin against the schooner Asher W. Parker to enforce an alleged lien for supplies. The district court dismissed the libel on the ground that libelant had lost his lien by laches, and the latter has appealed.

J. A. Hyland, for appellant.

Thos. Alexander, Jr., for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.    We agree with the court below that the laches of the libelant were such as should defeat his suit.    The supplies were furnished to the schooner August 5, 1893, at which time one Clayton was her owner.    In November, 1893, Clayton sold her to Kemp, the present owner, representing that there were no liens upon her.    The certificate of enrollment, showing Kemp to be the owner, was duly entered at that time with the collector of the port at which the supplies were furnished.    Prior to the spring of 1894, Kemp had paid the full purchase price of the vessel.    The libelant had known Clayton for many years; having sold him supplies previously for this vessel and another vessel.    He seems to have ascertained in the spring of 1895 that Clayton had devested himself of his property and become irresponsible, and it was not until after this time that he took any active measures to communicate with Kemp and assert his rights.    The libel to enforce the lien was filed in December, 1895.    The vessel had always been within the jurisdiction since Kemp had become her owner, and could have been arrested at any time.    If the libelant had used any real diligence, Kemp would have been apprised of the claim seasonably, and possibly could have indemnified himself from Clayton.    The state statute giving a lien upon vessels for supplies furnished within the state, when enforced in a court of equity, must be enforced conformably with the principles of such courts, and subject to all defenses which such courts recognize as meritorious. The decree is affirmed, with costs.